Ross agt. Wood.

# SUPREME COURT.

## Peter B. Ross agt. Sarah Wood.

*Judgments obtained by fraud and perjury — how aggrieved party may obtain relief.*

Where a trial has been had and an adverse result has been produced through a fraudulent conspiracy and perjury, the proper course for the aggrieved party to adopt is to apply for relief in the action itself by a motion for a new trial on the grounds of surprise, newly discovered evidence or other matter out of which the claim for relief arises.

The rules and maxims of law forbid the review of the verdict and judgment, in an independent action, in another court.

The legal presumptions are that the decisions of a court of competent jurisdiction are well founded; and that facts, without proof of which the verdict would not have been found, were proved on the trial.

Furthermore, that the testimony which justified the jury in finding their verdict was true.

*Special Term, February,* 1875.

*Levi S. Chatfield,* for plaintiff.

*R. L. Scott,* for defendant.

Van Vorst, *J.* — It is true, as is argued by the learned counsel for the plaintiff, that a judgment may be questioned on the ground that it was obtained through fraud, contrivance or covin of any description. As was said by Allen, J., in *Dobson* agt. *Pearce* (2 *Kernan*, 165): "Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not avail himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an interference by a court of equity."

The judgment of which complaint is made in this action, and which it is asked "may be annulled, canceled and set aside," as having been obtained by fraud and perjury, was recovered in an action in the city court of the city of Brooklyn, after a trial of the issues therein, upon the merits, and was entered upon the verdict of the jury impanneled to try the same.

While the maxims of the law evidently forbid the review of the proceedings, verdict and judgment in that action, by an independent proceeding originating in another court, no authority is adduced which would justify such step upon the allegations of the complaint herein.

In a case of the character above named, where a trial has been had and an adverse result has been produced through a fraudulent conspiracy and perjury, the proper course for the aggrieved party to adopt is to apply for relief in the action itself, by a motion for a new trial, on the grounds of surprise, or newly discovered evidence, or other matter out of which his claim for relief arises, and courts are ever ready to grant relief in the action on proper cause shown.

But it is argued by the counsel for the plaintiff that the demurrer interposed by the defendant is an admission that the verdict and judgment was obtained through fraud and perjury; and upon such admission 'the complaint should be held sufficient to support this action.

But it must appear, in order to obtain relief by an independent action in a court of equity, against a judgment obtained through fraud and covin, that the party had no remedy at law in the action, and that there has been no fault or negligence on his part.

A failure to promptly apply for appropriate relief in the action itself would be negligence; and that an application had been made without success, would afford no reason for a substantial review of such action in another suit in a different court.

But, again, there are certain well grounded and accepted

Ross agt. Wood.

assumptions, in the light of which the allegations in this complaint must be considered, and which in view of what is sought to be accomplished by this action, must control. Among these presumptions are, that the decisions of a court of competent jurisdiction are well founded, and that facts, without proof of which the verdict could not have been found, were proved on the trial. Furthermore, that the testimony which justified the jury in finding their verdict was true.

The law presumes honesty against fraud, and will presume that a witness has not perjured himself (*Broom's Legal Maxims*, 908–912). And these presumptions are not to be overcome otherwise than by effective evidence, produced and applied in appropriate remedies, sanctioned by the rules of law and the methods of procedure in judicial tribunals.

There should be judgment for defendant on the demurrer on the ground that the complaint does not set forth facts sufficient to constitute a cause of action.